ENTERED OCT 0 1 2014

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland, ss, Clerk's Office

SEP 3 0 2014

RECEIVED

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-13-490
CUM-RAC-09-3044

CLEARVUE OPPURTUNITY XXVI, LLC,
    Plaintiff

ORDER ON PLAINTIFF'S
REQUEST FOR AN
ENTRY OF DEFAULT AND
A DEFAULT JUDGMENT

V.

JANICE MCLOUGHLIN AND
MARGARET HARDY,
    Defendants

AND

WELLSTONE CONDOMINIUM
ASSOCIATION
    Party-In-Interest

Before the Court is the Plaintiff's request for a default judgment in a foreclosure action brought pursuant to 14 M.R.S. §§ 6321-6325 (2013). *See* M.R. Civ. P. 55(a)(1). The Defendants have not appeared or otherwise defended against the action. The party-in-interest, Wellstone Condominium Association, has not submitted an opposition to the Plaintiff's request. After reviewing the affidavits and records submitted to the Court, the Court concludes that the Plaintiff is not entitled to a default judgment and its request is DENIED. Additionally, the Court entered a default against the Defendants in an order dated May 23, 2014. However, in light of recent developments regarding the requirements of 14 M.R.S. § 6111 (2013), the Court SETS ASIDE the prior entry of default. *See* M.R. Civ. P. 55(a)(1); *Bank of Am., N.A. v. Greenleaf,* 2014 ME 89, ¶ 31, 96 A.3d 700.

The Plaintiff's requests for an entry of default and a default judgment are governed by M.R. Civ. P. 55(a)(1),[1] which requires, among other things, strict compliance with the notice

---

[1] M.R. Civ. P. 55(a)(1) provides:

requirements of 14 M.R.S. § 6111 (2013). Pursuant to the Law Court's recent decision interpreting the requirements of section 6111, the notice of the mortgagor's right to cure must state the "precise amount that the mortgagor has thirty-five days to pay in order to cure the default." *Greenleaf*, 2014 ME 89, ¶ 31, 96 A.3d 700. This because section 6111 "effectively freezes" additions to the amount necessary to cure for the thirty-five day cure period. *Id.* Thus, a notice that indicates that additional amounts not listed in the notice may by due or added during the thirty-five day cure period does not strictly comply with the dictates of section 6111.

The notice of the mortgagor's right to cure attached to the Plaintiff's request for default provides, "[p]lease note that all contractual mortgage payments that come due on or before you deliver funds must be included. As a result of those payments that may become due between the date of this letter and the Cure Date, if you intend to cure before the Cure Date, please contact this office for the cure amount on the date you intend to cure." (Pl. Ex. 1.) Following the itemization of the amount necessary to cure, the notice states, in bold, "[t]he figures provided in this letter are subject to a final audit and review by the lender upon receipt of any funds. Any amounts that may have been inadvertently omitted in this quote will remain due and payable." (Pl. Ex. 1.) Thus, far from freezing the amount necessary to cure, this letter clearly instructs the Defendants to contact the Plaintiff's attorney in order to obtain the correct cure amount.[2] For this reason, the notice does not strictly comply with requirements of section 6111 and the

---

(1) *Foreclosure Actions.* No default or default judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed, and (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage.

[2] The notice actually gives two different cure amounts that are dependent on when, within the thirty-five day cure period, the mortgagors make the cure payment.

Plaintiff was not entitled to an entry of default and is not entitled to a default judgment. *See* M.R. Civ. P. 55(a)(1); *Greenleaf*, 2014 ME 89, ¶ 31, 96 A.3d 700.

For the reasons stated above, the Plaintiff has failed to establish that it is entitled to a default judgment, and its request is **HEREBY DENIED**. Additionally, the entry of default against the Defendants dated May 23, 2014, is **HEREBY SET ASIDE**. The Clerk of Court is directed to enter this order by reference on the civil docket pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated: September 30, 2014

Hon. Roland Cole
Justice, Superior Court

------------------------------------------------------------------------

REPRESENTATION TYPE

01 0000005251 ATTORNEY: HOLBROOK, ANDREA N T

30 DANFORTH ST SUITE 104 PORTLAND ME 04101

F FOR: CLEARVUE OPPORTUNITY XXVI LLC          PL          RTND     12/16/2013

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

Margaret Hardy
68 Wellstone Drive
Portland ME 04103

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

Wellstone Condo Assoc
c/o Paul Garrett
PO Box 368
Scarborough ME 04070

Andrea Holbrook Esq
30 Danforth St Ste. 104
PortladnME 04101

CLERK OF COURTS
Cumberland County
05 Newbury Street, Ground Floor
Portland, ME 04101

CLERK OF COURTS
Cumberland County
ewbury Street, Ground Floor
Portland, ME 04101

Janice McLoughlin
68 Wellstone Drive
Portland ME 04103